UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-162-GWU

BERT HOWARD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

>   Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-162 Howard

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Bert Howard, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of coronary artery disease, status post coronary artery bypass grafting and stenting, diabetes mellitus, low back pain secondary to degenerative disc disease of the lumbar spine with disc bulges at L4-5 and L5-S1, obesity, right knee pain secondary to degenerative joint disease, a depressive disorder with bereavement, and borderline intellectual functioning. (Tr. 456). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Howard retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 456-63). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 50, high school education, and semi-skilled work experience with

no transferable skills could perform any jobs if he were limited to "light" level exertion with a sit/stand option requiring no prolonged standing or walking in excess of 45 minutes without interruption, and also had the following non-exertional restrictions. (Tr. 596). He: (1) could not climb ladders, ropes, or scaffolds or work with his hands held overhead; (2) could occasionally bend, twist, crouch, and climb stairs and ramps; (3) could not work at heights, around concentrated vibration, or jolting machinery; (4) had to avoid industrial hazards, dust, gases, fumes, temperature extremes and excess humidity; (5) required entry level work following repetitive procedures without frequent changes in work routines; (6) could have no requirement for detailed or complex problem solving, independent planning, or setting of goals; (7) could not work on fast-paced assembly lines and might only occasionally interact with the general public; and (8) could not operate foot pedals or push or pull with the right lower extremity. (Tr. 596-7). The VE responded that there were jobs at the light and sedentary levels which a person could perform, and proceeded to give the numbers in which they existed in the local, state, and national economies. (Tr. 597).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The court transcript contains two ALJ decisions, the case having been previously remanded at the request of the defendant because much of the original

hearing tape was inaudible.  See Docket Entries No. 8, 10.  In both of the decisions, the ALJ refers to an opinion by Dr. Joseph Williams, a treating neurosurgeon, that the plaintiff was "unable to lift at all or to walk/stand 10-15 minutes and is therefore disabled."  (Tr. 20, 457).  Because a review of Dr. Williams's notes by the undersigned did not show this statement anywhere in the court transcript, the Commissioner was requested to supplement the record with the document or documents containing this opinion.  Docket Entry No. 22.  The Commissioner did file a supplemental transcript in response, but it contains duplicates of office notes previously submitted.  (Tr. 334-6, 602-4).

Therefore, the record is insufficient in its present state to affirm the administrative decision.  It would appear that either a potentially critical opinion by a treating source was lost, or that the ALJ was mistaken.  In either case, a remand will be required in order to clarify the status of the Williams opinion.

The court also notes in passing that the ALJ rejected the opinion of another physician, Dr. James Chaney, given in a deposition on February 22, 2005. (Tr. 286-98).  The ALJ suggests that one of the reasons he may have rejected the opinion was that Dr. Chaney mistakenly believed the plaintiff underwent a coronary artery bypass graft in October, 2003, when in fact the bypass took place in November, 2001. (Tr. 19, 23).  The deposition shows that the error, if any, was made by Mr. Howard's attorney in asking a question, as the following excerpt shows.

06-162 Howard

Q. How long has he been seen in your office here?

A. He was first seen here 11/1/99.

Q. All right. Mr. Howard gave a history of a heart attack with immediate surgery at Central Baptist Hospital on 10/15/03 and that was also his last day of work. What can you tell us about that?

A. Well, basically, I mean he has multiple risk factors. He has diabetes and hypertension. He came with chest pain, was evaluated, felt the need urgent cardiac cath, had that done, showed significant coronary artery disease, prompting bypass surgery.

Q. Did he have a heart attack?

A. Yes.

Q. And, according to my notes, he had five bypasses.

A. Correct.

The bypass surgery took place on November 6, 2001 (Tr. 121), so it is not clear why the attorney used the date October 15, 2003, but since the physician did not assert that the bypass surgery had taken place in 2003, it would be questionable to discount the credibility of his testimony on this ground.[1] Moreover, the ALJ appears to suggest at one point that Dr. James Chaney was not a treating source, and that Mr. Howard's actual treating physician was Dr. George Chaney. (Tr. 19). The office notes submitted indicate that both physicians treated the plaintiff, and

---

[1] The plaintiff did have additional heart surgery in June, 2003, when a stent was placed in one of his vein grafts, which had become occluded. (Tr. 161-6).

10

06-162 Howard

that he was examined by Dr. James Chaney at least nine times before the deposition was given. (Tr. 216, 219, 222, 226, 229, 231, 233, 235, 236). Therefore, this rationale for rejecting the treating physician's opinion is also questionable.

The decision will be remanded for further consideration.

This the 2nd day of April, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge